UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA CHARNETSKI, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of the Social Security Administration; and, JOHN BERRY, Head of the United States Office of Personnel Management <br><br> Defendants. | Civ. No. 3:10-CV-2459 <br><br> (Judge Kosik) |

## MEMORANDUM

Presently before us is Defendants' Motion for Sanctions Due to Plaintiff's Failure to Comply with Discovery and the Court's March 26, 2012 Order. (Doc. 20). Defendants have also filed a brief in support of their motion and a status report. (Doc. 21, 24). Plaintiff's only response has been the filing of a Certificate of Service of Interrogatory Responses on April 4, 2012. (Doc. 23). For the reasons set forth below, we will grant Defendants' motion and, as a result, dismiss this case.

### Factual Background

Plaintiff, Sandra Charnetski, has been an employee of the Social Security Administration (SSA) since approximately April, 1993. (Doc. 1, ¶ 6). Plaintiff is employed as a Contact Representative, Position Number 028A16, with a current Grade/Step of GS-08-7. (Id.). On or about October 6, 2003, Plaintiff executed an agreement with the SSA joining a program being offered by the SSA titled the "Gradual Retirement Program."[1] (Id. at ¶¶ 7, 10). The program commenced on December 12, 2003. (Id. at ¶ 10). Under the Gradual Retirement Program, Plaintiff was permitted to work at the SSA on Tuesdays, Wednesdays and

---

[1] Plaintiff alleges that the Gradual Retirement Program would permit Plaintiff to work a modified work schedule and still maintain her status and employment at the SSA. Plaintiff believed, at all times, that the Gradual Retirement Program was a program approved by the Office of Personnel Management (OPM). (Doc. 1, ¶¶ 7, 8).

Thursdays, only, starting on December 12, 2003. (*Id.* at ¶ 12). This agreement was to continue for a period of three years. (*Id.*). Plaintiff alleges that her acceptance of the offer extended by the SSA directly resulted in Plaintiff rearranging "her personal schedule in direct reliance upon the terms and requirements of the Gradual Retirement Program." (*Id.* at ¶ 11).

On or around January 2006, Plaintiff was notified by the SSA that the Gradual Retirement Program was being discontinued. (*Id.* at ¶ 13). On or about February 9, 2006, Plaintiff was notified that she could no longer proceed under the program. (*Id.* at 19). Her direct supervisor, Gertrude Vitale, a Line Manager, informed Plaintiff of a retirement option and, allegedly, actually and subliminally encouraged Plaintiff to retire. (*Id.*). Plaintiff alleges that by terminating the Gradual Retirement Program, the SSA willfully breached the agreement between Plaintiff and the SSA. (*Id.* at ¶ 16). Plaintiff further alleges that she was advised that the reason for the program being discontinued was completely and solely due to a directive from OPM to the SSA that the program could not continue. (*Id.* at ¶ 14). At the termination of the Gradual Retirement Program, the SSA provided Plaintiff with two (2) options, not withstanding her personal situation and/or the presence of the agreement. (*Id.* at ¶ 15). The options provided were: (1) for Plaintiff to return to work on a full-time basis or (2) for Plaintiff to retire. (*Id.*). Plaintiff was sixty-one (61) years old when she was selected for the Gradual Retirement Program and was sixty-three (63) years old when she was improperly removed from the program. (*Id.* at ¶¶ 17, 19).

Plaintiff chose not to retire and was forced to return to work on a full-time status. (*Id.* at ¶ 20). Plaintiff alleges that on her return to full-time status, she was subjected to harassing behavior due to her unwillingness to retire, because of her age and because of her years of service. (*Id.* at ¶ 21). The discriminatory behavior from the SSA and its management which Plaintiff claims to have endured since 2006 includes, but is not limited to:

> (a) Being forced to produce medical excuses for all time off, which is not and has not been required of other Contact Representatives;
>
> (b) Persistent questions about retirement and continued employment with the SSA;

(c) Averments that [Plaintiff] uses "too much sick leave" despite her legal and permissible accumulation of sick leave time;

(d) Keeping [Plaintiff] longer during the day after she had signed out of work, to discuss work matters for which she was not compensated;

(e) Being threatened with disciplinary action for using sick time, with persistent references to retirement and being of "retirement age";

(f) Being sent home *by management* because of clear health condition (shingles), but being forced to obtain a medical note from a physician for the time off (despite the fact that the physician had given her a release to return on a specific date and they had that release in their possession before she was sent home).

(*Id.* at ¶ 22).

Plaintiff further claims that from 2007 through 2009, she attempted to obtain information from OPM to verify the basis for her removal from the Gradual Retirement Program. (*Id.* at ¶ 26). "In or about April 2009, [Plaintiff], through her legal counsel, was advised by OPM directly that OPM had never, at any time, issued any directive to the SSA to terminate the Gradual Retirement Program." (*Id.* at ¶ 28). Plaintiff avers that officials with the OPM confirmed they had no information of any kind regarding the Gradual Retirement Program and that they had no information in regards to a directive to SSA to terminate the Gradual Retirement Program. (*Id.* at ¶ 29). Since Plaintiff was given conflicting evidence regarding the SSA's and OPM's involvement with the Gradual Retirement Program, she has brought claims against both Defendants in regards to their possible involvement with this program. (*See id.*).

## Procedural History

Plaintiff filed her Complaint on November 30, 2010 and that same day the summons was issued. (Doc. 1; *See* Docket Report). On April 28, 2011, one hundred forty-nine (149) days after the Complaint was filed and the summons was issued[2], Plaintiff filed a Motion for

---

[2]According to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

3

Enlargement of Time for Service asking for an enlargement of time to verify service upon the governmental Defendants until May 6, 2011. (Doc. 2). The motion was granted. (Doc. 3). On May 6, 2011, Plaintiff filed a Certificate of Service with Plaintiff's counsel certifying that the Summons and Complaint were served upon the Defendants on May 6, 2011 by certified mail. (Doc. 4). On June 20, 2011, Plaintiff then filed an Affidavit of Service stating that the Summons and Complaint were received by Defendants. (Doc. 5). Plaintiff was requested to re-file this document as a 'summons returned executed" on the same day. (*See* Docket Report).

Defendants filed a Motion to Transfer Counts I & II and to Dismiss Counts III & IV on July 11, 2011. (Doc. 6). Defendants also filed a brief in support of the motion and a reply brief. (Doc. 7, 11). After a motion for an extension of time to file a response to the motion to dismiss[3], Plaintiff filed a reply brief in response to the motion to dismiss on September 2, 2011. (Doc. 10). On November 29, 2011, we granted Defendants' motion to transfer Counts I and II to the United States Court of Federal Claims, granted the motion to dismiss Count III, and converted the motion to dismiss Count IV into a motion for summary judgment. (Doc. 12). In that Memorandum and Order, the parties were given thirty (30) days from the date of the order in which to conduct limited discovery into the timeliness and exhaustion issues. (*Id.*).

On December 1, 2011, the Defendants filed an unopposed motion for extension of time to conduct discovery concerning timeliness and exhaustion issues. (Doc. 13). The motion was granted and the parties were given until March 1, 2012 to conduct limited discovery. (Doc. 14). On February 23, 2012, Defendants' counsel sent a letter to the Court outlining discovery problems she was having in the case. (Doc. 15). We then sent a memo to all counsel of record, informing Defendants' counsel that if Plaintiff failed to respond to discover

---

[3] Motion for Extension of Time, Doc. 8; Order Granting Motion for Extension of Time, Doc. 9.

4

requests, she should apply for an Order to Compel. (Doc. 16). The memo also stated, "Continuing failure thereafter can lead to sanctions, including dismissal." (*Id.*).

On March 5, 2012, four (4) days after the discovery deadline, Defendants filed a Motion to Compel Answers to Discovery and to Briefly Extend Discovery for Defendants on Exhaustion and a brief in support. (Doc. 17, 18). Plaintiff did not respond to this motion. In an Order dated March 26, 2012, we granted Defendants' motion and directed Plaintiff to produce complete answers to Defendants' interrogatories and requests for production of documents within three (3) days from the date of the order. (Doc. 19). Plaintiff was also advised that she had waived any and all objections to any of Defendants' discovery requests. (*Id.*). Defendants, and only Defendants, were granted three weeks from the date of the order to take depositions of individuals identified by Plaintiff's answers to discovery, including Plaintiff's counsel, regarding the issues of timeliness and exhaustion. (*Id.*). Defendants were told to promptly file a motion for summary judgment addressing the issues of timeliness and exhaustion upon completion of discovery. (*Id.*). Plaintiff was then advised that should she fail to comply with any aspect of the order, she would be subject to sanctions, including the possibility of dismissal of her case. (*Id.*).

A Motion for Sanctions Due to Plaintiff's Failure to Comply with Discovery and the Court's March 26, 2012 Order, along with an accompanying brief in support, were filed by Defendants on April 2, 2012. (Doc. 20, 21). On April 4, 2012, Plaintiff filed a Certificate of Service with Plaintiff's counsel certifying that the Answers to Interrogatories were served upon Defendants' counsel by email on April 4, 2012, almost a week after the March 29 deadline. (Doc. 23). Plaintiff took no further action in this case. Defendants then filed a status report regarding the motion for sanctions on April 20, 2012. (Doc. 24).

## Discussion

Defendants filed their Motion for Sanctions Due to Plaintiff's Failure to Comply with Discovery and the Court's March 26, 2012 Order, a brief in support of that motion, and a

status report. (Doc. 20, 21, 24). Plaintiff's only response to this order and to Defendants' motion was to file a Certificate of Service certifying that Answers to Interrogatories were served upon Defendant's counsel by email on April 4, 2012.[4] (Doc. 23).

In their brief in support, Defendants argue that Plaintiff has willfully failed to respond to Discovery and to comply with the March 26, 2012 order such that the Plaintiff should be sanctioned with dismissal of her case. (Doc. 21, p. 11-15). Defendants then argue, using the six (6) *Poulis* factors[5] (discussed at length below), that Plaintiff and/or her counsel is responsible for the delays "and the callous disregard" of the order; that Defendants have been prejudiced in discovering the basis for Plaintiff's equitable tolling and excusable neglect claim; that Plaintiff has a history of dilatoriness (including during the time when the claim was initially brought to the Equal Employment Opportunity Commission (EEOC)); that Plaintiff has shown willfulness with her continued failures to respond to discovery, to defense counsel's emails, or to "otherwise explain her very own affirmative defense" (*Id.* at 14) and by not offering a reason for these failures; and that Plaintiff's claim is not viable because she failed to exhaust her administrative remedies and did not timely file her Complaint and has offered "nothing more than vague assertions to hint at the notion of equitable tolling or excusable neglect." (*Id.* at 11-15). Because of this, Defendants request we dismiss the Plaintiff's Complaint with prejudice. The status report outlines the events since Defendants

---

[4]Local Rule 7.6 states:

Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition.

Local Rule 7.6. (*emphasis added*).

[5]*Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984).

6

filed their motion for sanctions. (Doc. 24). Again, except for the aforementioned Certificate of Service, (Doc. 23), Plaintiff has not responded to the motion.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure discusses sanctions for a party's failure to comply with a court order, specifically sanctions for not obeying a discovery order. Fed. R. Civ. P. 37(b)(2)(A). The Rule states:

> If a party...fails to obey an order to provide or permit discovery...the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matter in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* In deciding whether to dismiss a case for failure to obey an order to provide or permit discovery, six factors should be examined: (1) the extent of the plaintiff's personal responsibility; (2) prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) whether there is a history of dilatoriness in the case; (4) whether the conduct of the party or the attorney is willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis*, 747 F.2d 863. No single factor is dispositive and not every factor needs to be satisfied for dismissal to occur. *Parker v. Pennstar Bank*, 2010 U.S. Dist. LEXIS 64789, *4 (M.D. Pa. 2010).

**1. The Extent of Plaintiff's Personal Responsibility**

Plaintiff is represented by counsel in this case. The Defendants have failed to show that Plaintiff herself is personally responsible for any of the discovery issues. However,

Defendants do point out that in *Poulis,* the Third Circuit held, "Poulis' lack of responsibility for their counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of its counsel." *Poulis,* 747 F.2d at 868; (Doc. 21, p. 12). Defendants also point to Plaintiff's continual use of the same attorney despite that attorney's problems with timing at multiple stages in this case. (Doc. 21 at 12). While these arguments are persuasive, they are not sufficient to warrant consideration of this factor as a dispositive reason why dismissal should be granted. Plaintiff was represented by counsel and Defendants have not shown any direct instances of Plaintiff being personally responsible for the discovery issues.

## 2. Prejudice to the Adversary Caused by Failure to Meet Scheduling Order and Respond to Discovery

Prejudice does not mean "irremediable harm," but instead, the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy. *Ware v. Rodale Press, Inc.,* 322 F.3d 322 (3d Cir. 2003). Defendants have clearly been prejudiced by Plaintiff's counsel's failure to provide discovery regarding the timeliness and exhaustion issues. Plaintiff's cause of action is based on events that took place in January and February of 2006. (Doc. 1, ¶¶ 13, 19). The Complaint was filed in this Court on November 30, 2010, but Defendants were not served until May 6, 2011. (Doc. 1; Doc. 4). Defendants' motion to dismiss was filed in 2011. (Doc.6). On November 29, 2011, based on representations made by Plaintiff's counsel in his reply brief to the motion to dismiss (Doc. 10), the parties were given a chance to conduct limited discovery on the issue of timeliness and exhaustion. (Doc. 12). Plaintiff had Defendants' discovery requests (interrogatories, document requests, and a request for admission) on December 14, 2011. (Doc. 21, p. 13). Plaintiff initially failed to respond to these discovery requests. Defendants then filed a motion to compel discovery and to briefly extend the deadline, which was granted by this Court. (Doc. 17, 19). When Plaintiff failed to comply with this Court's Order, Defendants finally moved for sanctions because that Order was ignored by Plaintiff. (Doc. 20).

Defendants assert that they have only received inadequate interrogatory responses and requests for admissions. (Doc. 24, ¶¶ 15-32).[6] These responses were five days late, in violation of the initial discovery deadline and also in violation of our Order. (*Id.*). The interrogatory responses they received were not signed under oath by Plaintiff and not fully answered in violation of Rule 33(b)(3) and (5) of the Federal Rules of Civil Procedure. (*Id.* at Exhibit 1); *See* Fed. R. Civ. Pro. 33(b)(3), (5). The responses that were provided were inadequate, in that they referenced Plaintiff's Complaint and Brief in Opposition to the Defendants' Motion to Dismiss[7]. (*Id.*). When Defendants' counsel informed Plaintiff's counsel of the deficiencies, Plaintiff failed to amend the responses, though Plaintiff's claimed that he would. (*Id.* at ¶¶ 21-22). Defendants have yet to receive a response from Plaintiff regarding the document requests. (*Id.* at ¶ 17). Plaintiff's inadequate discovery responses, and her continued failure to explain the basis for her equitable tolling and excusable neglect claims, have greatly prejudiced Defendants in resolving this case.

### 3. A History of Dilatoriness

Plaintiff's history of dilatoriness in this litigation is readily apparent. In fact, the discovery issue itself concerns whether Plaintiff can show cause to excuse her untimeliness and to equitably toll the ADEA time limitations. Plaintiff failed to properly follow the time limits set out by the ADEA.[8] Plaintiff also filed her Complaint nine minutes late.[9] (Doc. 12, p. 7). Plaintiff filed for a motion for enlargement of time to verify service upon governmental defendants on April 28, 2011, five (5) months after the filing of the Complaint and issuance of

---

[6]Once again, Plaintiff has failed to refute these assertions.

[7]In our Order dated November 29, 2011, we note that Plaintiff's response to the motion to dismiss (Doc. 10) was inadequate. (Doc. 12, p. 6).

[8]Plaintiff claims, without explanation or support, that these time limits must be tolled. (*See* Doc. 10).

[9]Plaintiff claims, without explanation or support, that this time should be extended. (*See* Doc. 10).

the summons, which was granted, and she did not file the certificate of service until May 6, 2011. (*See* Doc. 2, 3, 4). Plaintiff has failed to respond to Defendants' Motion to Compel Discovery & Briefly Extend Discovery and has failed to respond to this current sanctions motion. Plaintiff failed to meet the March 1, 2012 discovery deadline, despite a letter from this Court addressed to all counsel of record on February 24, 2012 regarding what Defendants should do if Plaintiff failed to respond to discovery requests. Plaintiff then failed to meet the March 29, 2012 discovery deadline found in the order granting Defendants' motion to compel. (*See* Doc. 16, 19). Plaintiff's only response to discovery has been to file a certificate of service verifying that the interrogatory responses, discussed above, were sent to Defendants' counsel on April 4, 2012, days after the deadline set by the order of this court. (Doc. 23). Plaintiff has yet to respond to Defendants' other discovery request. These actions and inactions on the part of Plaintiff clearly show a history of dilatoriness.

### 4. Whether the Conduct of the Party or the Attorney was Willful or in Bad Faith

We find that the conduct of Plaintiff's counsel has been willful. He has repeatedly failed to follow court rules regarding timing, he has failed to respond or explain the behavior which Defendants outline in their motion to compel and this motion, he has failed to properly and timely respond to Defendants' interrogatories[10], and he has failed to cooperate with the discovery deadlines and orders of this Court. *See Ware,* 322 F.3d at 224; *Roman v. City of Reading,* 121 Fed. Appx. 955, 960 (3d Cir. 2005).

### 5. The Effectiveness of Sanctions other than Dismissal

In this case, alternative sanctions would likely be ineffective, or would amount to what in effect would be dismissal of the Complaint. If we chose to direct that matters embraced in the order be taken as established for purposes of the action; or to prohibit Plaintiff from

---

[10]Rule 37(a)(4) of the Federal Rules of Civil Procedure states that evasive or incomplete disclosures, answers or responses must be treated as a failure to disclose, answer or respond. Fed. R. Civ. P. 37(a)(4); *see also* Fed. R. Civ. P. 33.

supporting or opposing designated claims or defenses, or to prevent Plaintiff from introducing designated matters into evidence; or to strike the pleading in whole or in part; or to render default judgment against the disobedient party, these options would essentially amount to a dismissal of the case. *See* Fed. R. Civ. P. 37(b)((2)(A)(i), (ii), (iii), (vi). Following our November 29, 2011 order, the timing and tolling issues are the only issues left in this case after; if Plaintiff were precluded from pursuing these issues, the Plaintiff's case would ultimately end in dismissal. Further, this case surrounds an incident that initially happened in 2006, the Complaint was filed in 2010, and service was not made until May 2011. To delay this case further, after Plaintiff has had plenty of opportunities to meet discovery deadlines, and has failed, would be an ineffective sanction, especially considering Plaintiff's past and current noncompliance. Plaintiff's lack of response to this current motion also makes dismissal the most effective sanction. Our March 26, 2012 order already sanctioned Plaintiff by waiving any and all objections to discovery requests, and still Plaintiff did not obey. Dismissal provides the most effective sanction when considering the four (4) *Poulis* factors discussed above and the other sanctions provided by Rule 37 of the Federal Rules of Civil Procedure.

### 6. The Meritoriousness of the Claim or Defense

As we point out above, because of Plaintiff's conduct, we do not have the benefit of summary judgment filings and discovery to consider this factor. However, we find that this factor weighs in favor of dismissal. As discussed in our November 29, 2011 Order, Plaintiff had a very rare and difficult exception to meet in order to establish equitable tolling of the ADEA exhaustion requirement. (*See* Doc. 10). We also stated that Plaintiff needed to establish good cause as to why she did not timely file her complaint. (*See id.*). The answers provided to Defendants by Plaintiff in response to Defendants' interrogatories reference the Complaint and the Memorandum of Law in Opposition to the Motion to Dismiss, (Doc. 1, 10). (Doc. 24, Ex. 1). We already considered those documents when we ruled on Defendants'

11

Motion to Dismiss and we found that they were insufficient. (Doc. 12, p. 7). The insufficiency of Plaintiff's reply brief, and the conversion of the motion to dismiss into a motion for summary judgment, provided the basis for this Court to give the parties limited discovery in this case. Plaintiff's apparent failure to participate or conduct further discovery into these matters also point towards this claim having no merit. If Plaintiff's only response is to the information provided in the Complaint and reply brief, as she suggests in her answers to Defendants' interrogatories, we find her arguments on timeliness and tolling to have no merit.

## Conclusion

We find that five of the six *Poulis* factors warrant dismissal. Defendants have been greatly prejudiced by Plaintiff's failure to meet scheduling orders and to respond to discovery, Plaintiff has shown a history of dilatoriness, the conduct of Plaintiff's attorney was willful, other sanctions would not be as effective as dismissal, and Plaintiff's timeliness and tolling argument lack merit. Thus, Plaintiff's Complaint will be dismissed.